UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TANYA DAIGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 9-353-B-W |
| | ) | |
| JAROSLAV P. STULC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION**

Redington-Fairview General Hospital, the former employer of Tanya Daigle, has moved to dismiss (1) Count II (negligence); (2) Count IV (negligent hiring, provision of privileges, and retention); (3) Count V (Grossly Negligent Infliction of Emotional Distress); (4) Count IX (Negligent Infliction of Emotional Distress); (5) Count X (Intentional Infliction of Emotional Distress); and (6) Count XI (Reckless Infliction of Emotional Distress) because these counts fail to state a claim based upon preemption by the Maine Human Rights Act and based upon the exclusivity provisions of the Maine Workers' Compensation Act.  Daigle has not responded to the motion and the court referred the matter to me for a recommended decision pursuant to 28 U.S.C. § 636(b)(1)(B).  I now recommend the court grant the motion to dismiss.

**Relevant Complaint Allegations**

As relevant to this motion to dismiss, the salient allegations in the forty-eight page complaint consist of the following facts:  (1) Redington-Fairview employed both co-defendant Stulc, a male physician and general surgeon, and Tanya Daigle, a female office manager working in Stulc's office, during the period from September 17, 2007, until April 26, 2008;  (2) Stulc is alleged to have engaged in sexually inappropriate behaviors with female patients and staff, creating a hostile work environment for Daigle;  (3) Daigle reported Stulc's behaviors to

her supervisors who did not initially take appropriate action to remedy the situation;  (4) after being rebuffed by her superiors, Daigle reported Stulc's behaviors via a formal complaint to the Maine State Board of Licensure in Medicine;  (5) Daigle alleges that as a result of her actions Redington-Fairview retaliated against her and removed her position as office manager;  and (6) ultimately, on October 30, 2008, the hospital discharged Daigle for "blowing the whistle" on Stulc, whose license to practice medicine in Maine was eventually revoked.  Daigle alleges that as a result of this series of events she suffered severe emotional distress stemming from Redington-Fairview's decision to hire Stulc and then retain him on the staff in spite of the reports the hospital received from her and from others about his inappropriate behavior.

## Discussion

Daigle has failed to respond to the motion to dismiss these counts.  Pursuant to Local Rule 7(b):  "Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."  D. Me. Loc. R. 7(b).

In an analogous situation involving failure to respond to a motion for judgment on the pleadings under Rule 12(c), the First Circuit affirmed the dismissal of claims on the basis of an application of Local Rule 7(b).  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1 (1st Cir. 2002).  The Panel reasoned:

> Given Rule 12(c)'s silence on the subject, we cannot conclude that the district court's strict enforcement of Local Rule 7(b) creates an impermissible conflict with federal Rule 12(c).  As the district court put it, "there is simply no reason contained in [Rule 12(c)] or its intendment to prevent an otherwise appropriate and enforceable rule of default, i.e. Local Rule 7(b), from operating on a motion under Rule 12(c) without consideration by the court of its merits."  Accord Tobe [v. City of Hammond], 94 F.3d [360,] 362-63 [(7th Cir. 1996)] (affirming grant of motion for judgment on the pleadings based on opposing party's failure to respond as required by local rule); Ghazali [v. Moran], 46 F.3d [52,] 54 [(9th Cir. 1995)] (reasoning that standards governing summary judgment motions do not apply to motions to dismiss, and holding that district court did not abuse its discretion in granting motion to dismiss for noncompliance with a local rule specifying requirements for response).  We agree,

2

and hold that the district court did not abuse its discretion in insisting on compliance with its local rule . . . .

Id. at 9.  With regard to this exercise of discretion, I also note that Daigle is represented by able counsel who fully understands the need to respond to pending motions.  Another defendant filed a motion to dismiss prior to this motion, and Daigle's counsel fully responded to that motion.  Additionally, two days after this motion to dismiss was filed Daigle's counsel filed a motion to amend his complaint, making no reference to these superfluous counts in the original complaint and failing to include a copy of his proposed amended complaint with the motion, thus leaving the court in the dark as to whether or not he even intends to pursue the claims if granted leave to amend the complaint.  I would grant the motion to dismiss the six claims in question because Daigle has effectively waived all objection.

Of course, the defendant's motion should be granted even in the absence of waiver.  Pacquin v. MBNA Mktg. Sys., Inc., 195 F. Supp. 2d 209 (D. Me. 2002), recognizes the well-established general principle that when a statutory scheme expressly provides a remedy for the behavior being attacked, there is no reason or right to pursue a redundant common law tort.  Daigle's claims under the Maine Human Rights Act provide her with the statutorily mandated remedies for employment discrimination whether the discrimination was based upon her gender or her alleged whistleblowing activities.  Id. at 211.  Additionally, Daigle's claims of severe emotional distress, arising out of and in the course of her employment, describe a personal injury that is governed by the exclusivity provisions of the Maine Workers' Compensation Act, 39-A M.R.S. § 104.  See Reed v. Avian Farms, Inc., 941 F. Supp. 10, 13-14 (D. Me. 1996) (concluding MWCA precludes intentional infliction of emotional distress claims).

**Conclusion**

Based upon the foregoing, I recommend the Court grant the defendant's motion to dismiss (Doc. No. 13).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 17, 2009